**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| YOANYS QUINTANA-TORRES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-932-D |
| | ) | |
| ROBERT CERNA, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Before the Court is Respondents' Motion to Stay Deadline for Response Pending

Proffer of Petitioner ("Motion").  Doc. 9.  For the reasons set forth below, Respondents'

Motion is **DENIED**.  Respondents shall file a Response not later than **May 15, 2026**.

## I.    Background

On April 28, 2026, Petitioner, proceeding pro se, filed a Petition for a Writ of

Habeas Corpus Under 28 U.S.C. § 2241 ("Petition").  Doc. 1.  The Petition was submitted

on the standard form for detained pro se habeas petitioners.  *See* Doc. 1.  The Petition

includes what appears to be Petitioner's signature.  Doc. 1 at 8.  On April 29, 2026, Lorena

Villalon, who purports to represent Petitioner, filed a Notice of Attorney Assistance and

Clarification of Representation informing the Court that, while Petitioner is proceeding pro

se, she "provided limited assistance in preparing the Petition at Petitioner's request to

facilitate timely filing, given constraints of detention and access to legal materials."  Doc.

5 at 1.  She further asserts "Petitioner authorized the filing as a pro se submission."  *Id.*

Ms. Villalon also informed the Court she "intends to seek leave to appear and formally represent Petitioner." *Id.* at 2.

On May 7, 2026, the day that Respondents' Response to the Petition was due, counsel for Respondents entered her appearance and filed the present Motion. Docs. 8, 9. In their Motion, Respondents ask the Court to stay their deadline to respond to the Petition "pending the Petitioner's proffer that the Petition was properly initiated by the Petitioner." *Id.* They appear to take issues that Ms. Villalon mailed the pro se Petition, Ms. Villalon did not sign the Petition, "Ms. Villalon clearly assisted Petitioner without notifying this Court or the Respondent," and "Petitioner does not appear to have actually signed the Petition."[1] *Id.* at 2. Respondents specifically "request the Court order (1) Ms. Villalon to produce evidence that she was authorized to make filing on behalf of the Petitioner and (2) identify whether she signed the Petitioner's name under penalty of perjury." *Id.* at 4 (citation modified). Respondents "ask the Court to resolve these issues before they respond to the Petition." *Id.* at 3.

On May 10, 2026, after Respondents filed their Motion, Ms. Villalon filed an Entry of Appearance. Doc. 10. Ms. Villalon has not responded to Respondents' Motion.

---

[1] Respondents direct the Court to compare signatures on the Petition to the signature at the bottom of the Notice to Appear. Doc. 9 at 2. Respondents, though, provide no clear documentation that the signature on the Notice to Appear was Petitioner's actual signature; nor have they provided other evidence such that the Court cannot rely on Petitioner's signatures in the Petition.

## II.    Analysis

First, rather than seeking a stay in their Response deadline to investigate whether to file a Motion to Dismiss or other dispositive motion, Respondents "ask the Court to resolve these issues." Doc. 9 at 3. Before ordering a Response, the Court screened the Petition, determined the Petition passed initial review, and ordered Respondents to respond to the Petition. *See* Doc. 6 at 1 ("The undersigned has promptly examined the Petition . . ."). Accordingly, the Court does not need to take further action to resolve any issues before Respondents must file a response or pre-answer motion.

Second, contrary to Respondents' assertion that "Ms. Villalon clearly assisted Petitioner without notifying this Court or the Respondent," Ms. Villalon did inform the Court (belatedly) of her assistance to Petitioner.[2] In fact, in her Notice, Ms. Villalon stated she "provided limited assistance in preparing the Petition . . . to facilitate timely filing." Doc. 5 at 1. The Court understands the realities of mailing court filings to and from detention facilities, and presumes Ms. Villalon mailed the Petition to ensure timely filing considering Petitioner's current detention. Considering Ms. Villalon's Notice informing the Court of said assistance, the Court sees no further need at this time to inquire into the nature or details of her representation of Petitioner.

---

[2] Ms. Villalon's Notice was filed on April 29, 2026, *see* Doc. 5, before counsel for Respondents entered an appearance. When counsel for Respondents filed her appearance on May 5, 2026, *see* Doc. 7, she would have then had access to the Court's electronic docket to become aware of Ms. Villalon's involvement.

Third, after the filing of Respondents' Motion, Ms. Villalon filed her entry of appearance. Doc. 10. Perhaps most notably for this case, because Ms. Villalon has entered her appearance, Petitioner is no longer proceeding pro se. As such, the Court will not liberally construe the Petition because it was drafted with the assistance of counsel. Further, the Court concludes there is no need to address Respondents' remaining assertions considering Ms. Villalon's Entry of Appearance.

Finally, the Court takes judicial notice of Ms. Villalon's involvement with several other immigration habeas cases recently filed in this District. The Court notes that in many of those other cases, like Petitioner's case here, Ms. Villalon apparently assisted petitioners to file pro se petitions and only later filed with the Court a Notice of Attorney Assistance and Clarification of Representation. The Court also notes Ms. Villalon was recently admitted to practice before this Court on May 6, 2026. In future cases, the Court expects Ms. Villalon to disclose fully her representation of any petitioner and to file promptly her entry of appearance and request for waiver of local counsel with each new matter.[3]

### III.    Conclusion

For the reasons explained above, Respondents' Motion is **DENIED**. Respondents' deadline to respond to the Petition was May 7, 2026—the same day they filed this Motion. Doc. 6. Respondents shall file their Response **not later than May 15, 2026**.

---

[3] The Court also reminds Ms. Villalon of Local Civil Rule 83.3 requiring out-of-state counsel that she must either associate with local counsel or seek waiver of the requirement to do so.

**IT IS SO ORDERED** this 13th day of May, 2026.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE