**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **YOANYS QUINTANA-TORRES,** | **)** |
| | **)** |
| **Petitioner,** | **)** |
| | **)** |
| **v.** | **)**    **Case No. CIV-26-932-D** |
| | **)** |
| **ROBERT CERNA, et al.,** | **)** |
| | **)** |
| **Respondents.** | **)** |

**<u>REPORT AND RECOMMENDATION</u>**

Petitioner Yoanys Quinatana-Torres, a noncitizen[1] and Cuban national proceeding with counsel,[2] filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge Timothy D. DeGiusti referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 3. The undersigned set an expedited briefing schedule, Doc. 6, and the Petition is at issue. For the reasons set forth below, the undersigned recommends that the Court deny the Petition.

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[2] Petitioner filed his Petition pro se on April 28, 2026. On April 29, 2026, Petitioner's counsel, Lorena Villalon, filed a notice informing the Court she "provided limited assistance in preparing the Petition at Petitioner's request." Doc. 5 at 1. Based on Ms. Villalon's notice, the Court has stated it "will not liberally construe the Petition because it was drafted with the assistance of counsel." Doc. 11 at 4.

## I.     __Background__

Petitioner, a citizen of Cuba, entered the United States on February 17, 2022, without inspection or parole near Eagle Pass, Texas.  Resp. at 3; Doc. 1-2 at 2 (Notice to Appear).  On February 21, 2022, ICE placed Petitioner into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through the issuance of a Notice to Appear ("NTA"), and charged him with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection.  Resp. at 3; Doc. 1-2 at 2.  On February 21, 2022, ICE released Petitioner on his own recognizance.  Resp. at 3; Doc. 12-1 (Order of Release on Recognizance).  At some point later in 2022, Petitioner filed an Application for Asylum and Withholding of Removal.  Resp. at 3; Doc. 12-2 (Asylum Application).

On August 31, 2025, Petitioner was arrested in Guymon, Oklahoma and charged with Burglary in the First Degree and Domestic Assault and Battery by Strangulation.  Resp. at 4; Doc. 12-3 (Criminal Information).  Petitioner ultimately entered a plea of no contest to misdemeanor charges of Breaking and Entering a Dwelling Without Permission and Domestic Abuse – Assault and Battery, and he served 135 days in the Texas County Detention Center.  Resp. at 4, 6 n.3; Doc. 12-4 (Judgment and Sentence).  On January 20, 2026, ICE detained Petitioner pursuant to a warrant.  Resp. at 4; Doc. 12-5 (Arrest Warrant).

On July 2, 2026, an Immigration Judge ordered Petitioner removed. *See* EOIR, Automated Case Information, *at* https://acis.eoir.justice.gov/en/ (last accessed July 6, 2026).  However, Petitioner has until August 3, 2026, to appeal the removal order to the

Board of Immigration Appeals. Therefore, the removal order is not yet final under 8 C.F.R. § 1241.1(c).

When Petitioner filed his Petition, he was detained at Diamondback Correctional Facility in Watonga, Oklahoma. Pet. at 1. He remains detained there. *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited July 6, 2026).

## II.    Petitioner's Claims

Petitioner asserts five counts in his Petition.

- **Count I: Violation of Fifth Amendment Due Process.** Petitioner alleges "the Government has never been required to justify [his] detention," which renders his detention "arbitrary and unconstitutional." Pet. at 6 (citation modified).

- **Count II: Prolonged Detention Without Procedural Safeguards**. Petitioner alleges his detention without any hearing "raises serious constitutional concerns." *Id*.

- **Count III: Detention No Longer Serves its Purpose**. Petitioner alleges his detention no longer serves its limited regulatory purpose to ensure his appearance at immigration proceedings or to effectuate removal. *Id*.

- **Count IV: Constitutional Challenge Independent of Statutory Authority**. Petitioner alleges his detention is unlawful because it is prolonged without adequate procedural protections. *Id*.

- **Count V: Lack of Individualized Justification**. Petitioner alleges his continued detention without an individualized determination that he is a danger to the community or a flight risk violates the Fifth Amendment. *Id*. at 9.

He asks the Court to "order Respondents to provide an individualized bond hearing before a neutral decision-maker within a reasonable period of time, at which the Government bears the burden of proof," or if such a hearing is not provided, immediate release. *Id*.

3

While the Petition is not clear, the undersigned understands Petitioner to allege (1) due process and immigration statute both require Respondents to make an individualized determination that he is a danger to the community or a flight risk to justify his continued detention, and (2) his detention is so prolonged that it violates his due process.[3]

### III.    Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  "Challenges to immigration detention are properly brought directly through habeas."  *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

### IV.    Analysis

#### A.    Section 1226(c) applies to Petitioner's detention.

Petitioner does not allege which provision governs his detention.  However, the two sections of the INA at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226.  This case involves application of § 1226. Relevant here, § 1226(a) authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing.  *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

---

[3] As discussed above, the Petition is not entitled to liberal construction as Petitioner received attorney assistance in drafting.  Doc. 11 at 4.

However, § 1226(c) authorizes mandatory detention pending entry of a final removal order for certain criminal noncitizens.

Petitioner alleges Respondents must make an individualized determination that he is a danger to the community or a flight risk to justify his continued detention. Pet. at 6-7, 9. Respondents contend Petitioner is properly detained under § 1226(c). Resp. at 3-6. Specifically, Respondents allege Petitioner is subject to mandatory detention under § 1226(c)(1)(E) because he "is inadmissible under § 1182(a)(6)(A)(i), and was arrested for (1) Burglary in the First Degree (Okla. Stat. tit. 21, § 1431), and (2) Domestic Assault and Battery by Strangulation (Okla. Stat. tit. 21, § 644(J))." Resp. at 6 (citation modified).

"The Attorney General shall take into custody any alien who is inadmissible under [§ 1182(a)(6)(A), (6)(C), or (7)]; and is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary . . . or any crime that results in death or serious bodily injury to another person." 8 U.S.C. § 1226(c)(1)(E). This subsection applies here. First, Petitioner does not dispute he is inadmissible under § 1182(a)(6)(A). *See* Doc. 1-2 at 2 (Notice to Appear) (charging Petitioner as inadmissible under § 1182(a)(6)(A)); *see also C.R.R. v. Bondi*, No. CV 26-01282, 2026 WL 752462, at *7 (D. Minn. Feb. 23, 2026) (finding petitioner inadmissible under § 1226(c)(1)(E) where he was charged as inadmissible under § 1182(a)(7) in the Notice to Appear) (R&R), *adopted in relevant part*, 2026 WL 752462, at *4 (D. Minn. Mar. 17, 2026). Second, Petitioner was charged with burglary, which is an enumerated offense under § 1226(c)(1)(E). Doc. 12-3 (Criminal Information) (charging

Petitioner with Burglary in the First Degree).[4]  Further, he does not claim he is a protected witness in a criminal investigation, which would entitle him to release despite his status as a "criminal alien."  *See* 8 U.S.C. § 1226(c)(4) (allowing for the release of certain protected witnesses who would otherwise be subject to mandatory detention under this subsection).

Accordingly, § 1226(c) governs and Petitioner is subject to mandatory detention. *See Jennings*, 583 U.S. at 305-06 (concluding "§ 1226(c) mandates detention of any alien falling within its scope and that detention may end prior to the conclusion of removal proceedings 'only if' the alien is released for witness-protection purposes").

**B.      Due process does not entitle Petitioner to a bond hearing.**

Petitioner also alleges his detention is so prolonged that it violates his due process. Pet. at 6-7.   While "the Supreme Court has rejected facial challenges to mandatory detention under § 1226(c)," in *Demore v. Kim*, 538 U.S. 510 (2003), "noncitizens detained under § 1226(c) may, in some circumstances, bring as-applied Due Process challenges to their prolonged detentions." *Hernandez v. Mullin*, No. CIV-26-475-R, 2026 WL 1625669, at \*1-2 (W.D. Okla. June 5, 2026).  However, Petitioner's as-applied due process challenge to seek a bond hearing under § 1226(c) should be denied because his detention—which had lasted four months when the Petition was filed—is not so long as to warrant any relief

---

[4] Respondents also cite Petitioner's arrest and charge for Domestic Assault and Battery by Strangulation. *See* Doc. 12-3 (Criminal Information) (alleging he "climb[ed] on top of [the victim] and strangl[ed] her").  Respondents do not provide authority to establish such an offense results in "serious bodily injury" under § 1226(c)(1)(E).  However, because Petitioner was charged with burglary, which on its own is sufficient to satisfy the subsection, the Court need not address his separate charge for assault and battery.

here. *See Jennings*, 583 U.S. at 305-06 (holding due process does not automatically entitle noncitizens subject to § 1226(c) mandatory detention to a bond hearing after six months); *see also Michelin v. Warden Moshannon Valley Corr. Ctr*., 169 F.4th 418, 433-34 (3d Cir. 2026) (concluding detention under 1226(c) "becomes more and more suspect after five months" and in most cases will become "unreasonable sometime between six months and one year"); *Tipeni v. Warden*, *California City Immigr. Processing Ctr.*, No. 26-CV-3290, 2026 WL 1745729, at *4 (E.D. Cal. June 17, 2026) (finding no liberty interest for noncitizens detained under § 1226(c) for less than five months when petition was filed).[5]

## V.   Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **DENY** the Petition for habeas relief, Doc. 1.  The parties are advised of their right to object to this Report and Recommendation.  *See* 28 U.S.C. § 636.  Any objection must be filed not later than **July 20, 2026**.  *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party wishes to respond to the other party's objections, such response must be filed not later than **July 27,**

---

[5] The undersigned acknowledges that Judge Russell in this District has held due process entitles a noncitizen subject to prolonged detention under § 1226(c) to a bond hearing using the balancing test set out in *Mathews v. Eldridge*, 424 U.S. 319 (1976).  *See Hernandez*, 2026 WL 1625669, at *3.  However, that case is distinguishable because the petitioner had lived in the United States for more than two decades before being detained under § 1226(c) and he had been in immigration detention for more than six months when he filed his petition. *Hernandez v. Mullin*, No. CIV-26-475-R, 2026 WL 1245748, at *1 (W.D. Okla. May 6, 2026) (R&R), *adopted in relevant part,* No. CIV-26-475-R, 2026 WL 1625669 (W.D. Okla. June 5, 2026).  Here, Petitioner was placed in removal proceedings shortly after entering the country and was already in removal proceedings when he was charged with the state crimes.  And Petitioner was only detained for four months when he filed his Petition.  Accordingly, no *Mathews* analysis is necessary here.

**2026**. *See* Fed. R. Civ. P. 72(b)(2).  Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 6th day of July, 2026.

CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE

8